IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES P. RAUB, | CIVIL ACTION NO: |
| PLAINTIFF, | |
| v. | JURY TRIAL DEMANDED |
| COUNTY OF BUTLER, PENNSYLVANIA, BUTLER COUNTY PRISON, PRISON BOARD OF BUTLER COUNTY, RICHARD GIGLIOTTI, individually and in his capacity as Warden of the Butler County Prison, SOUTHERN HEALTH PARTNERS, Inc., SIMMON L. WILCOX, M.D, JOHN and JANE DOE CORRECTIONS OFFICERS, Individually and in their capacity as Employees of the Butler County Prison, and JOHN and JANE DOE MEDICAL PERSONNEL, individually and in their capacity as employees of SOUTHERN HEALTH PARTNERS, Inc. and/or Butler County Prison, V. HOGAN, Individually and in his/her capacity as Employee of Butler County Prison and/or SOUTHERN HEALTH PARTNERS, Inc., | |
| DEFENDANTS. | |

**COMPLAINT**

AND NOW comes the Plaintiff James P. Raub by and through his attorneys THE LINDSAY LAW FIRM, P.C. and Alexander H. Lindsay, Jr. and file the following Complaint.

### I. INTRODUCTION

1. This is a civil action at law to redress the deprivation, under color or statute, ordinance, regulation, custom, usage, of a right, privilege and immunity, secured to the

Plaintiff by the Fourteenth and Eighth Amendments to the Constitution of the United States, arising under Title 42 of the United States Code § 1983.

## II. JURISDICTION AND VENUE

2. This action arises under 42 U.S.C. § 1983, and this Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and § 1343.

3. Venue is present in the Western District of Pennsylvania as this is the district where the cause of action arose, the district where the transactions and occurrences took place out of which the cause of action arose, and is a district in which Defendants regularly conduct activity.

## III. PARTIES

4. The Plaintiff, James Paul Raub, is an adult individual residing in Butler County Pennsylvania at 120 North 6th Avenue, Butler, Pennsylvania 16001 and at all times pertinent to this Complaint, Plaintiff was and still is a citizen of the United States and the Commonwealth of Pennsylvania.

5. Defendant, County of Butler, Pennsylvania is a Fourth Class County and political subdivision within the Commonwealth of Pennsylvania, maintaining an office located at the Butler County Courthouse, South Main Street, Butler, Pennsylvania 16001.

6. Defendant, Butler County Prison, is a Correctional Facility owned and operated by the County of Butler and maintaining an office at 121 West Vogley St., Butler, Pennsylvania, 16001.

7. Defendant, Prison Board of Butler County, is a division of the County of Butler having authority and control over the organization and operation of the Butler County Prison and operates out of the Butler County Commissioners Office in the Butler County Courthouse, South Main Street, Butler, Pennsylvania 16001.

8. Defendant, Richard Gigliotti, is an adult individual and is employed as the Warden of the Butler County Prison located at 121 West Vogely Street, Butler, Pennsylvania 16001.

9. Defendant, Southern Health Partners, Inc., is a Tennessee corporation with its principal office at 811 Broad Street, 5th Floor, Chattanooga, Tennessee 37402 and is employed and/or contracted by the Defendants to provide medical care and other services to the Butler County Prison and at all times pertinent to this Complaint was an agent of the Butler County Prison.

10. Defendant, Dr. Simmon L Wilcox, M.D. is an adult individual and is employed by the Butler County Prison and/or Southern Health Partners, Inc., as agents of the aforementioned Defendants and/or Butler County Prison located at 121 West Vogely Street, Butler, Pennsylvania 16001.

11. Defendant, V. Hogan, is an adult individual and is employed by the Butler County Prison and/or Southern Health Partners, Inc., as agents of the aforementioned Defendants and/or Butler County Prison located at 121 West Vogely Street, Butler, Pennsylvania 16001.

12. Defendants, John and Jane Doe Corrections Officers, are adult individuals with currently unknown identities employed by the aforementioned Defendants and/or Butler County Prison located at 121 West Vogely Street, Butler, Pennsylvania 16001.

13. Defendants, John and Jane Doe Medical Personnel, are adult individuals with currently unknown identities, employed by the aforementioned defendants and/or by the Butler County Prison and/or Southern Health Partners, Inc., as agents of the aforementioned Defendants and/or Butler County Prison located at 121 West Vogely Street, Butler, Pennsylvania 16001.

### IV. FACTUAL ALLEGATIONS

14. On April 11, 2006, the Plaintiff herein James P. Raub was arrested on a bench warrant as a result of his failure to appear at a summary trial before District Magistrate Judge Peter Shaffer on a charge of driving an automobile during a period of license suspension.

15. As a result of his arrest, the Plaintiff James P. Raub was placed in the Butler County Prison.

16. At the time of his incarceration the Plaintiff was ill and he informed the nurse and the officer in charge of the shift at the time of processing of this fact and that he was in pain.

17. As of April 12, 2006, his nursing assessment indicated that he denied a drug or alcohol habit, but that he complained of an upper respiratory infection.

18. The Plaintiff immediately requested that he be taken to the hospital but this request was denied.

19. Each day thereafter of the Plaintiff's incarceration at the Butler County Prison he requested that he be taken to the hospital and each day this request was denied.

20. Prior to April 11, 2006, the Plaintiff herein had normal mental acuity and was able to hold a job.

21. Commencing on April 12, 2006, and continuing thereafter until April 19, 2006, the employees, agents and contractors of the Butler County Prison, including management personnel, medical personnel, guards and nurses informed the Plaintiff and his mother, Kathy Finefrock, that the Plaintiff's illness, which became increasingly marked, was not an illness but rather was a symptom of withdrawal from physical dependence on drugs or alcohol, that is, that he was "detoxing".

22. The aforementioned prison officials, guards, agents, medical personnel and nursing staff, continued to assert and contend that he was in "detoxification" despite the fact they had been informed, on a number of occasions that he was not addicted to drugs or alcohol.

23. On Thursday, April 13, 2006, Plaintiff's mother, Kathy Finefrock, visited the Plaintiff in prison and at that time Plaintiff was in pain, complaining of lower back pain, internally, had cold sweats and chills.

24. Upon seeing Plaintiff's condition and seeing his symptoms for herself the Plaintiffs mother, Kathy Finefrock, immediately informed the guards and requested her son be taken to the hospital for treatment.

25. Plaintiff's mother was informed by the guards that "we are detoxing him for drugs or alcohol" whereupon Plaintiff's mother informed the guard that her son was not "on anything."

26. By Friday, April 14, 2006, the Plaintiff became increasingly ill, he suffered stomach and back pains and he was reduced to lying in the fetal position on his bed and had been given a pill for "detoxing".

27. On Saturday, April 15, 2006 the condition continued as stated in paragraph 26.

28. On Sunday, April 16, 2006, the Plaintiff again met with his mother, Kathy Finefrock.

29. During this meeting with his mother, Plaintiff, unable to stand, was on his knees to use the phone to talk to his mother, was breathing heavily, complaining of internal back pain and was in such pain that his face was devoid of color.

30. Upon talking to her son, Kathy Finefrock, told a different guard that her son was very sick, needed medical treatment and should be taken immediately to the hospital.

31. The guard informed Ms. Finefrock that he was not sick, but rather "detoxing".

32. The Plaintiff's mother, Kathy Finefrock informed the guard that the Plaintiff had not been physically addicted to drugs or alcohol. At this point she was informed by the guard that she should "be honest so we can help".

33. On or about April 19, 2006, the Plaintiff herein collapsed in the shower and as a result, was placed in a padded cell, without appropriate medical treatment or examination.

34. By April 19, 2006, the Plaintiff's physical and mental conditions had deteriorated to the point that he was unable to focus or speak except to repeat, "I don't know. I don't know." He had right-sided weakness and his blood pressure was 122/0 and his pulse was 128.

35. On April 19, 2006, the nurse at the Butler County Prison apparently finally recognizing that the Plaintiff was gravely ill, attempted to contact the prison medical doctor, Dr. Wilcox, but was unable to reach him.

36. On April 19, 2006, the prison psychiatrist, Dr. Raven informed the nurse that he believed the Plaintiff had some significant medical problem and was concerned and informed the nurse to check him throughout the night and send him to the emergency room of the Butler Memorial Hospital if his condition deteriorated further.

37. On April 19, 2006, the Plaintiff was taken to the Butler Memorial Hospital Emergency Room.

38. While at the Butler Memorial Hospital routine blood was drawn from the Plaintiff including blood cultures and a urine test.

39. After the blood was drawn, the Plaintiff was discharged back to the Butler County prison.

40. On April 20, 2006 the nurses notes at the Butler County Prison reveal that the Plaintiff remained "mentally vague", "unable to answer any questions appropriately" and was "totally out of touch with reality".

41. On April 20, 2006, in spite of the nurse's attempts to speak with the prison physician Dr. Wilcox, there was no contact with Dr. Wilcox until 2:00 in the afternoon. Again she made no further attempt to return the Plaintiff to the Butler Memorial Hospital for definitive medical treatment.

42. On April 20, 2006, Kathy Finefrock, the mother of the Plaintiff attempted to visit her son but was informed by the nurse that her son was sick, too weak to walk to the visiting room and that she could not see him. Further, the nurse told Ms. Finefrock that her son had been at the Butler Memorial Hospital the day before and that he had been diagnosed with a urinary tract infection. She also told Ms. Finefrock again, that they were "detoxing" the Plaintiff, in spite of the aforementioned symptoms which were noted on the nurses notes.

43. On April 20, 2006, Dr. Raven, the prison psychiatrist called and stated to the prison nurse that he felt the Plaintiff should be returned to the Emergency Room.

44. The prison nurse attempted, during the course of the day of April 20th to contact Dr. Wilcox, however, he did not respond and was "playing phone tag" with the prison nurse and was unavailable for fifteen hours.

45. When Dr. Wilcox finally did call on April 20, 2006, he did not come in to the Butler County Prison to make an evaluation of Plaintiff in person. Instead, he ordered sedation in the form of drugs used for acute alcohol withdrawal.

46. There was no protocol or procedure in place in the Butler County Prison to provide for medical evaluation of an acutely ill prisoner.

47. On April 21, 2006, the Butler Memorial Hospital reported that Plaintiff's blood culture tested positive for enterococcus faecalis in his blood.

48. On April 21, 2006, the Plaintiff was returned to the Butler Memorial Hospital emergency department where an echocardiogram was positive for vegetations on his aortic valve.

49. Further testing on April 21, 2006, established (via a CT scan of Plaintiff's head), a left middle cerebral artery infarction.

50. On April 21, 2006, at the Butler Memorial Hospital, the Plaintiff was diagnosed with Enterococcus Septicemia, a recent CVA and Sub-acute Bacterial Endocarditis and was immediately transferred to UPMC, Presbyterian Hospital in Pittsburgh, Pennsylvania.

51. On April 25, 2006, the Plaintiff underwent an aortic valve replacement at UPMC Presbyterian Hospital.

52. As a result of the Defendants failure to have any procedure or protocol in place whereby the Plaintiff could have been properly evaluated for his medical condition subsequent to his incarceration on April 11, 2006, Plaintiff was not properly diagnosed and treated for his medical conditions, including Enterococcus Septicemia and Sub-acute Bacterial Endocarditis.

53. As a result of the Defendants' reckless, deliberate failure to have in place a procedure or protocol for appropriate medical intervention subsequent to the Plaintiff's incarceration on April 11, 2006, Plaintiff suffered a cerebral infarction or an ischemic stroke.

54. As a result Defendants failure to provide prompt medical intervention the Plaintiff has suffered a cerebral infarction or an ischemic stroke.

55. As a result of the stroke suffered by the Plaintiff, the Plaintiff has suffered a permanent brain injury, permanent cognitive deficits and he is permanently disabled.

56. As a result of the Defendants' failure to have any procedure or protocol in place to make proper medical intervention subsequent to his incarceration on April 11, 2006, Plaintiff suffered extreme pain, suffering and humiliation.

57. At all times pertinent to this Complaint, the Defendants herein were obligated to have in place protocols and procedures to provide proper medical intervention and reasonable medical care for those citizens incarcerated in the Butler County Prison.

58. The conduct of the Defendants herein constituted deliberate indifference to the serious and critical medical needs of the Plaintiff and other prisoners, "shocks the conscience", and was part of a policy of deliberate indifference practiced at the Butler County Prison. More specifically:

A. Medical staff and personnel were not readily available to examine prisoners who complained of serious illness;

B. All decisions concerning whether a prisoner warranted further medical treatment were delegated to nurses and guards regardless of how serious the symptoms were;

C. There were no provisions at the Butler County Prison for emergency treatment of prisoners without the intervention of a physician who was not readily available;

D. Serious illnesses are dismissed by the prison, prison staff, guards and medical staff as being withdrawal from drug and alcohol dependence without considering the distinct possibility that the prisoners are suffering from a serious infection or other serious illness;

E. There were no provisions or procedures by which a nurse at the prison unable to reach the prison doctor, could seek other appropriate medical intervention.

## COUNT I – VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. § 1983)

James Paul Raub,

v.

ALL DEFENDANTS,
County of Butler, Pennsylvania,
Butler County Prison, Prison Board of Butler County,
Richard Gigliotti, Individually and in his capacity as Warden
Of the Butler County Prison,
Southern Health Partners, Inc.,
Simmon L. Wilcox, M.D.,
John and Jane Doe, Corrections Officers, Individually and in their
Capacity as Employess of the Butler County Prison,
John and Jane Doe, Medical Personnel, Individually and in their
Capacity as Employees of Southern Health Partners, Inc.
and/or Butler County Prison,
V. Hogan, Individually and in his/her capacity as Employee of Butler
County Prison and/or Southern Health Partners, Inc.,

59. Paragraphs 1 through 58 are hereby incorporated by reference as though set forth more fully at length herein.

60. The Defendants failed to provide the Plaintiff with the prompt, proper and adequate medical attention and treatment that was required in the Plaintiff's situation.

61. The actions of the Defendants were conducted under the color of state law.

62. The conduct of the Defendants herein constituted deliberate indifference to the serious and critical medical needs of the Plaintiff and other prisoners.

63. The failure of the Defendants, County of Butler, Butler County Prison, Prison Board of Butler County, Richard Gigliotti and Southern Health Partners, Inc. to properly train, supervise, instruct, monitor and discipline the Defendants in their employ, control

and/or command constitutes deliberate indifference toward the care and safety of individuals incarcerated at the Butler County Prison.

64. The Defendants, County of Butler, Butler County Prison, Prison Board of Butler County, Richard Gigliotti and Southern Health Partners, Inc. condoned the acts of the Defendants in their employ, control and/or command as described in this Complaint; failed to implement policies to curtail or remedy those acts; adopted and maintained a policy, practice and custom for such acts; and deliberately and knowingly failed to provide proper training, supervision and control of the Defendants in their employ, control and/or command.

65. As a proximate result of the aforesaid acts of the Defendants, the Plaintiff has suffered the following damages:

        A. Pain and Suffering;

        B. Physical and Psychological Trauma;

        C. Loss of the pleasures of life;

        D. Embarrassment, humiliation and mental anguish;

        E. Loss of Mental Capacity;

        F. Economic Damages;

        G. Medical expenses;

66. The above-described acts constituted cruel and unusual punishment violated the Plaintiff's Constitutional Rights under the Eighth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, attorneys' fees, punitive damages and other damages as the Court deems appropriate.

A JURY TRIAL IS DEMANDED.

                                        Respectfully submitted:

                                        /s/ Alexander H. Lindsay

                                        _____
                                        Alexander H. Lindsay, Jr., Esq.
                                        Attorney for Plaintiff

                                        Pa. Supreme Court Id. No. 15088

                                        The Lindsay Law Firm, P.C.,
                                        128 South Main Street
                                        Butler, Pennsylvania 16001
                                        Phone: (724) 282-6600