IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES P. RAUB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 08-511 |
| COUNTY OF BUTLER, *et al.*, | ) | Chief Judge Ambrose |
| | ) | Magistrate Judge Bissoon |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Motions to Dismiss filed by Defendants (Docs. 3, 8 and 32) be denied.

### II. REPORT

James P. Raub ("Raub" or "Plaintiff") in his counseled complaint alleges that he was denied needed medical care while incarcerated at the Butler County Prison from April 11-21, 2006. More specifically, Raub asserts that his illness was continually ignored and/or misdiagnosed as drug or alcohol withdrawal, with the result that he ultimately suffered a stroke while incarcerated, resulting in his being permanently injured (Doc. 1, at ¶¶ 16-25). More specifically, Raub alleges that he and his mother repeatedly requested treatment for his illness, which by April 16, 2006, had rendered him unable to stand, and by April 19, 2006, he collapsed in the prison shower and was unable to say anything other than "I don't know" (Id., at ¶¶ 29, 33). During this time, Plaintiff was not seen by a physician, and both prison and medical personnel

1

repeatedly stated that Raub was merely "detoxing," even though both Raub and his mother repeatedly denied that he had a drug or alcohol habit (Id., at ¶¶ 25, 32).

On April 20, 2006, a nurse attempted to contact prison physician Dr. Wilcox when Raub became even more ill, but Dr.Wilcox was unavailable for more than 15 hours (Id., at ¶¶ 35, 44). Raub was taken to the emergency room at Butler Memorial Hospital, and was released to the prison after a blood test and a urine test (Id., at ¶¶ 36-39). Raub was again taken to the emergency room on April 21, 2006, after his mother was again informed that he was "detoxing," and tests revealed that he had vegetation on his aortic valve, and that he had suffered a left middle cerebral artery infarction (Id., at ¶¶ 48-49). Raub required an immediate aortic valve replacement (Id., at ¶¶ 50-51).

Raub alleges that "there was no protocol or procedure in place to provide for medical evaluation of an acutely ill prisoner" at the Butler County Jail (Id., at ¶ 46). In fact, he maintains that he was never seen or diagnosed by the prison physician during this entire episode.

Defendants Southern Health Partners, Inc., John and Jane Doe, and V. Hogan, the independent contractor that supplies medical services at the Jail and three employees thereof, have moved to dismiss (Doc. 3). It is asserted that Raub has failed to allege that they were deliberately indifferent to Raub's medical condition, and that treatment was, in fact provided. Southern Health Partners also alleges that it cannot be held liable for the actions of its employees on the basis of vicarious liability.

Defendant Simon Wilcox, M.D., the prison physician, also moves to dismiss asserting that the most that has been alleged against him is negligence, and not deliberate indifference (Doc. 8).

Finally, Defendants John Doe and Jane Doe Corrections Officers, County of Butler, Butler County Prison, Prison Board of Butler County and Richard Gigliotto (Warden of the Butler County Prison) move to dismiss (Doc. 32). They also assert that no deliberate indifference has been alleged, and further that no municipal policy or custom has been alleged sufficient to sustain a claim for liability on the part of the county entities.

A. <u>**Applicable Standard**</u>

The standard applicable to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the [we don't capitalize "complaint" or "amended complaint" above – need to pick one] complaint. <u>Hishon v. Spalding</u>, 467 U.S. 69, 73 (1984); <u>Bartholomew v. Fischl</u>, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in <u>Bell Atlantic Corporation v. Twombly</u>. 550 U.S.544, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957); *i.e.,* "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief.'" <u>Twombly</u>, 127 S. Ct. at 1968 (quoting <u>Conley</u>, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Id</u>. at 1965.

B. <u>**Analysis**</u>

Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1978). Raub was awaiting trial at the time of the alleged unconstitutional conduct, and although the constitutional basis for a claim by a pretrial detainee differs slightly from that of a convicted prisoner, the applicable standard

remains the same. See Estelle, 429 U.S. at 104; Boring v. Kozakiewicz, 833 F.2d 468, 472 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988). In the context of a claimed denial of medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Id. There is no dispute that Raub was suffering from a serious medical condition. Notably, even where there is a serious medical condition, a prisoner also must allege facts that would permit a jury to conclude that the defendant prison officials acted with a sufficiently culpable state of mind. Twombly, 127 S. Ct. at 1965 ("[f]actual allegations must be enough to raise a right above the speculative level"). Generally speaking, an **intentional** refusal to provide **any** medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable. Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992). Even where no treatment is provided, however, there must be facts alleged from which an inference may be made that the failure to provide treatment was, in fact, intentional or deliberately indifferent to an inmate's serious medical need. The Supreme Court has explicitly stated that "in the medical context, an **inadvertent** failure to provide medical care" does not rise to the level of deliberate indifference. Gamble, 429 U.S. at 105-106(emphasis supplied).

At issue here is whether Raub has alleged facts sufficient to prove the requisite culpable state of mind on the part of the Defendants, i.e., that Defendants were deliberately indifferent to his medical condition. Because a defendant's state of mind, like other facts, can be proved by circumstantial evidence, Raub need not allege that any Defendant admitted his consciousness of the risk of serious harm in order to avoid dismissal. In Estelle v. Gamble itself, the Supreme Court accepted as sufficient to state a claim for deliberate indifference, allegations that a prison

4

physician threw away an inmate's ear and stitched the stump rather than treat the prisoner after an altercation. 429 U.S. at 104 n. 10. Further, in Williams v. Kort, 223 Fed.Appx. 95, 100-01 (3d Cir. 2007), the Court of Appeals affirmed a grant of summary judgment, but observed that allegations that physician's assistants "insisted on courses of treatment they knew were ineffective" were adequate to allege deliberate indifference.

It is sufficient at the pleading stage, therefore, for Raub to allege circumstantial evidence that the necessary course of action was so obvious, and the actual course of action taken was so unresponsive, that Defendants must have been aware of and disregarded it. Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir.2001) (at the summary judgment stage, "subjective knowledge on the part of the official can be proved by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk.") Raub's allegations concerning the obviousness of his illness, and the ineffectiveness of the treatment afforded him, are sufficient to raise his claims of deliberate indifference above the speculative level. Thus, although all Defendants have asserted that no deliberate indifference has been alleged, no Defendant is entitled to dismissal on this basis.

Defendants County of Butler, Butler County Prison, Prison Board of Butler County, Warden Gigliotti, and Southern Health Partners, all assert that claims against them are improperly premised upon vicarious liability. Officials may be liable under Section 1983 for the acts of those over whom they have supervisory responsibility. Supervisory liability, however, may not be premised solely upon a theory of *respondeat superior.* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Some personal involvement must be alleged. Id. Supervisory liability for Section 1983 violations can be established by evidence showing that officials: participated in violating a plaintiff's rights; directed others to violate a plaintiff's rights; knew of,

and acquiesced in, their subordinates' violation of a plaintiff's rights; or knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir.1995).

Further, municipal entities, like the County of Butler, can only be liable if the alleged unconstitutional action implemented or executed "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers [or] is visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1977). A custom, which lacks the formal approval of a policy, can be established by evidence showing "practices . . . so permanent and well settled as to constitute 'custom or usage' with the force of law." Id. at 690. In Simmons v. City of Philadelphia, 947 F.2d 1042 (3d Cir. 1991), cert. denied, 503 U.S. 985 (1992), the court held that a municipal entity may be found liable for Section 1983 violations where "officials determined . . . to be the responsible policymakers" were aware of the alleged practice of their subordinates, as well as alternatives to such practices, and that they "either deliberately chose not to pursue these alternatives or acquiesced in a long standing policy or custom of inaction in this regard." Simmons, 947 F.2d at 1064.

In this case, Raub alleges that the Butler County Prison had no existing "protocol or procedure" to deal with "acutely ill" inmates (Doc. 1, ¶46). This is alleged to have led to Raub being denied "appropriate medical intervention" when he became ill and ultimately suffered a cerebral infarction and ischemic stroke (Id., at ¶¶ 52-53). Although it is a close call, and the allegations are the bare minimum necessary, the allegation that the Jail was operating without any available procedure for dealing with prisoners such as Raub who become severely ill is,

6

when added to the circumstantial evidence that his condition so obviously needed immediate medical care but that he was not provided any treatment for several days, to nudge his claim past the speculative level. Of course, discovery may produce evidence that contradicts the allegations of the Complaint, but the allegations of the Complaint are the only matters properly before the Court at this juncture.

A similar analysis applies to Defendant Southern Health Partners and its argument that it is not vicariously liable for the actions of its employees. Southern Health Partners is alleged to have failed to provide instruction and training to its employees (Id., at ¶¶ 64). Combined with the allegations above concerning the lack of procedures to deal with acutely ill inmates, and the allegations of the obviousness of Plaintiff's plight, this is sufficient to state a claim.

It is also asserted that no specific allegations have been made in the Complaint against John and Jane Doe (Corrections Officers) and Warden Gigliotti. The Complaint contains allegations that prison guards, not just medical personnel, were informed of Raub's need for medical treatment, and that prison guards informed Raub's mother that Raub was being "detoxed" for drug and alcohol withdrawal (Doc. 1, at ¶¶ 22, 24-25). This is sufficient to state involvement on the part of the jail guards, although Plaintiff will be required to identify these persons during discovery. As for Warden Gigliotti, he is alleged to have "condoned" the acts of the prison and medical personnel (Doc. 1, ¶64). This, too, is sufficient at this stage to allege personal involvement.

Defendants John and Jane Doe (Medical Employees) argue that the allegations against them only amount to claims of negligence. As discussed above, however, the Plaintiff's allegations concerning the nature of his illness and the ineffectiveness of the treatment he was afforded are sufficient to state a claim for deliberate indifference. Defendant V. Hogan, a nurse,

7

argues that she is not mentioned in the Complaint beyond being named as a party.  There are numerous allegations in the Complaint concerning information given to, and actions taken by, a nurse or nurses at the Jail.  While the allegations do not specifically name Nurse Hogan, Plaintiff may fairly be seen to allege that Nurse Hogan was involved in his care, and was aware of his medical condition.  At this juncture, those allegations are sufficient to withstand the instant motion.

### III. CONCLUSION

For all of the reasons stated above, the Motions to Dismiss filed by Defendants (Docs. 3, 8 and 32) should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 2, 2009.


Date:   February 12 2009                               s/Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States Magistrate Judge